## HARRIS, assignee, *vs.* MORRIS.

A declaration by an assignee in bankruptcy alleged that the insolvent was adjudged an involuntary bankrupt on March 26, 1877: that he had been insolvent since the preceding December; that in January, 1877, he combined with the defendant, a creditor, who had notice of his insolvency, to give an illegal preference to him, in fraud of his other creditors; that a large note held by the defendant was accordingly divided into small notes within the jurisdiction of the county court,

sued to judgment, the executions based thereon levied, all the property of the debtor sold, and the proceeds paid to the defendant; that the levy was within two months of the adjudication in bankruptcy; that there are no other assets; that plaintiff has obtained permission of the bankrupt court to bring this suit:

*Held,* that a demurrer to the declaration should have been overruled.

Debtor and creditor.   Bankruptcy.   Contracts.   Before Judge Rice.   Clarke Superior Court.   February Term, 1878.

Reported in the decision.

T. W. Rucker, for plaintiff in error, cited Revised Stat's U. S. §5128; Code, §§3594-6, 1947, 3828; 11 Bank. Reg., 388; 21 Wall., 325; 7 How., 627; Crabbe, 551, 529; 9 B. R., 156; 55 N. Y., 150; 14 B. R., 112; 12 *Ib*, 134; 21 Wall., 500; 7 B. R., 174; 4 B. R., 207; 2 B. R., 241.

Emory Speer, for defendant in error, cited Revised Stat's U. S., §5128.

Warner, Chief Justice.

The plaintiff sued the defendant and declared against him as follows, to-wit:

"The petition of Hugh N. Harris, assignee of Louis Morris, bankrupt, shows that Louis Morris was declared an involuntary bankrupt on the 26th of March, 1877, by the United States District Court for the Northern District of Georgia, and that on the 14th of April, 1877, your petitioner was appointed his assignee by the Hon. Albert G. Foster, register in bankruptcy. Your petitioner further shows that C. Morris, of said county and state, is indebted to your petitioner in the sum of three hundred and seventy-five dollars legal assets under the following circumstances: In January, 1877, Louis Morris was entirely insolvent, and his insolvency was well known to C. Morris, and in fraud of the provisions of the bankrupt act, Louis Morris, with in-

tent to prefer C. Morris, a creditor having a claim against him, suffered and allowed his goods to be seized on execution in favor of said Morris, he knowing the same. On the 13th of January 1877. Louis Morris gave to C. Morris four notes for one hundred dollars each, one for $50.00 and one for $65.95, due one day after date, the consideration of said notes being a debt of five hundred and fifteen dollars and ninety-five cents, pretended to be due from C. Morris to Louis Morris, his brother. The debt of $515.95 was thus subdivided into six small debts, all within the jurisdiction of the magistrate's and county court. These notes were sued in the county court of Clarke county on the 15th of January, 1877, and judgment was rendered by default on each of said six notes on the 5th of February 1877, Louis Morris having waived copy of summons and process and all further service and notice.

" This was in pursuance of a fraudulent and corrupt agreement to defraud other creditors, and to prefer C. Morris, Louis Morris being insolvent in December 1876, January 1877, and February 1877 so known to C. Morris, and the whole transaction was in fraud of the provisions of the bankrupt act, which forbids an insolvent debtor from preferring a creditor knowing of his insolvency : judgments having been rendered on the six small notes given for the large debt of $515.95 on the 5th of February 1877, under circumstances before alleged. Louis Morris had his stock of goods levied upon under said executions, by J. A. Browning, sheriff of Clarke county, Ga., on the 9th of February 1877, and on the 19th of February said Morris' stock of goods was sold under the *fi. fas.* founded on the judgments rendered February 5th 1877, in the county court, and from the proceeds of this sale the sheriff paid over to C. Morris three hundred and seventy-five dollars. This preference of the creditor, C. Morris, by Louis Morris, under the foregoing circumstances, was in violation of the provisions of the bankrupt act, and Louis Morris having been declared a bankrupt within two months' time from the preference of

creditor, your petitioner brings this his suit, having first obtained leave of his Honor, Jno. Erskine, Judge District Court, Northern District of Georgia, and seeks, under the provisions of the bankrupt act, to recover back from C. Morris the amount, $375.00, of his preference from Louis Morris, for assets for the benefit of the creditors of said Louis Morris. Your petitioner shows that debts to the amount of $2,000.00 have been proven against Louis Morris, and that the estate of Louis Morris has paid nothing at all, said Morris having been hopelessly insolvent since December 1, 1876, and unless the preference given to creditor be recovered back, there will be nothing whatever. By the division of the debt of $515.95 into six small debts, all within jurisdiction of the county court, C. Morris was enabled to get judgments in twenty days, whereas otherwise he would have had to sue in the superior court, at which time other creditors could have sued and got their judgments as early as C. Morris. By giving the small notes and suffering judgments fraudulently, C. Morris was preferred before other creditors. He gave the small notes January 13th, acknowledged service and waived everything January 15th, suffered judgments by default February 5 1877 ; on the 9th of February procured and suffered his goods to be seized on execution ; on or about the 20th received from the sheriff part proceeds of the sale of Louis Morris' goods. Louis Morris was insolvent all this time, so known to C. Morris, and the transaction was in fraud of the provisions of the bankrupt act."

.   .   .   .   .   .   .

1. "That the said L. Morris, within two months before the filing of the petition against him in bankruptcy, did procure or suffer his property to be attached, sequestered or seized on execution by C. Morris, with a view to give a preference to such creditor by such attachment, sequestration or seizure over the other creditors.

2. "That Louis Morris was insolvent at that time, or in contemplation of insolvency.

3. " That the judgment creditor, at the time his said debtor procured or suffered such attachment, sequestration or seizure of the property of the bankrupt, had reason or cause to believe that the said debtor, whose property was so attached, sequestered or seized, was insolvent, and that he procured or suffered such attachment, sequestration or seizure of his property to be made to secure such preference, and in fraud of the provisions of the bankrupt act."

To this declaration of the plaintiff the defendant demurred generally. The court sustained the demurrer and dismissed the plaintiff's action. Whereupon the plaintiff excepted.

Although the plaintiff's declaration is loosely drawn, and the facts not stated with that logical clearness which good pleading requires, still we think, assuming all the allegations contained therein to be true, as the demurrer does, that the same are sufficient to authorize a recovery under the provisions of the 5128th section of the Revised Statutes of the United States. Whilst it may be true that the judgments could not be attacked collaterally so far as third persons who are strangers thereto, and to the transaction complained of, are concerned, yet as to the parties to the judgments the same are void as to them under the provisions of the Revised Statutes of the United States before cited. In our judgment, the court erred in sustaining the demurrer to the plaintiff's declaration.

Let the judgment of the court below be reversed.